UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Robert Harper

~~UNITED STATES~~

V                                    Case No

United States
~~ROBERT HARPER~~
    MOVANT

CASE NUMBER 1:06CV01406

JUDGE: Paul L. Friedman

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 08/08/2006

*Habeas Corpus*

MOVANT'S PRO SE MOTION TO VACATE CONVICTION OR GRANT NEW TRIAL ON GROUNDS OF ACTUAL INNOCENCE PURSUANT TO D.C. CODE SECTION (22-4135) (A),(B)

___

   Comes now, Robert Harper, Pro Se, Movant, respectfully moves this court with the above entitled motion. In support of Movant's motion as follows:

   1) Pursuant to D.C. code, sec. (22-4135) (a),(b), a District of Columbia Code Statute, providing a District of Columbia prisoner to file a motion to vacate a conviction or grant a new trial on the grounds of actual innocence;
   (A) A person convicted of a criminal offense in the Superior Court of the District of Columbia may move the court to vacate the conviction or grant a new trial on grounds of actual innocence based upon new evidence.
   (B) Notwithstanding the time limits in any other provisions of law, a motion for relief under this section may be made at any time.
   2) Movant futher submits, in support of Movant's motion, see attached memorandum of law in support and Movant's affidavit in support, pursuant to this D.C. code statute (22-4135)(d)(1).

1

Wherefore, Movant prays and requests this court to grant the requested relief alleged in this motion, the attached memorandum of law and Movant's affidavit in support to vacate the conviction and sentence pursuant to D.C. code sec.(22-4135)(a),(b),(d),(1) and any other relief deemed appropriate in the interest of justice.

Respectfully submitted,

6-19-2006
DATE

ROBERT HARPER # 02364-000
Movant, Pro Se
P.O. Box 2068
Inez, Ky  41224

Copy to:

U.S. Attorney Office
555 4th St. N.W.
Washington, D.C. 20001
This 19 day of June, 2006.

ROBERT HARPER # 02364-000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ROBERT HARPER

~~UNITED STATES OF AMERICA,~~
RESPONDENT,

06 1406

-VS-

UNITED STATES

~~ROBERT HARPER,~~
MOVANT.

CASE NO.
(~~CRIM. CASE NO. F-5656-85~~)

MOVANT'S MEMORANDUM OF LAW IN SUPPORT OF MOVANT'S MOTION TO VACATE A CONVICTION OR GRANT A NEW TRIAL ON GROUNDS OF ACTUAL INNOCENCE PURSUANT TO D.C. CODE SEC. 22-4135(a)(d)(1).

---

   This is a straight forward case and argument, Movant in this case at bar, asserts that the United States Attorney whom prosecuted this case, was not in compliance with the mandatory duty and requirements governing the due process procedural aspects of D.C. code, sec. 22-23-111, - 22-104(a) "Enhancement proceedings and procedures". Movant further asserts that he was never informed of the government's intent to serve enhancement papers, nor not even by Movant's trial counsel in this criminal matter. Movant never was afforded his procedural due process right to the "separate" hearing on the enhancement procedure according to D.C. code, sec. 22-23-111, - 22-104(a).

   The prosecution's failure to file required information seeking enhancement penalties before the jury selection process began was plain error and affected Movant's substantial rights to fairness, as well as the fairness, integrity or public reputation of judicial proceedings. See U.S. v Robinson, 756 A2d 448(D.C. 2000); Blakely v Washington, 542 U.S.___, (2004).

   Movant submits, there is no "record evidence" that can be brought forth by the prosecution that Movant was placed on "notice" of the prosecution's intent to file enhancement documents as per procedural requirement of sections 22-104(a), - 22-23-111, which would have afforded Movant an opportunity to either admit or deny and/or to have an option to either contest and or plea guilty without the prosecution in this case matter submitting enhancement documents. D.C. code, section 23-111(1981).

As held, in view of the potential harshness of the result of the enhancement and the enhanced sentences, actual notice to the defendant of the prior convictions to be relied upon by the prosecution is important, which comports with affording Movant his constitutional substantial rights which were clearly violated in this case at bar.

Section 23-111 proceedings to establish previous convictions. A. (1) No person who stands convicted of an offense under the law of the District of Columbia shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to trial or before entry of a plea of guilty, the United States Attorney or the Corporation Counsel, as the case may be, files an information with the clerk of the court, serves a copy of such information on the person, stating in writing the previous convictions to be relied upon.

Upon a showing by the Government that facts regarding previous convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

A. (1) The hearing shall be before the court without a jury and either party may introduce evidence. Movant was never afforded this opportunity, see U.S. v Williams, 116WLR1005 (Super. Ct.).

Prosecution error in failing to file required mandatory information and intent seeking enhanced penalties before the jury selection process began was clear, obvious and plain error, and thus the sentencing judge was without authorization of imposing any form of enhanced sentence upon this Movant. See Robinson v U.S., 756 A2d448(2000).

Movant submits, the sentencing judge was in error by not ruling that the government committed plain error in its failure to adhere to, and to satisfy the "notice requirement" set forth in section 23-111 for enhancing his sentence, therefore, the thirty-five(35) years to life mandatory minimum sentence was improperly imposed on Movant. The prosecution never, prior to the alleged 23-111/22-104(a) hearing or during the suppression motion, notify Movant that the prosecution intended to seek enhancement of his sentence.

In this instant case at bar, the jurors were brought forth and vior dire process was conducted and questioned and the oath was administered, at no time to Movant's memory, did counsel for the prosecution inform the trial judge/court of its intents to file enhancements in accordance with sections 23-111, - 22-104(a).

The government cannot and should not be allowed to allege that its failure to notify pursuant to sec. 23-111 was a "technical violation" and harmless error. See Arnold v U.S., 443 A.2d 1318 1326 (DC 1982) held, "information seeking enhanced penalties" must be filed before the process of selecting a jury has started in order to comply with the requirement of filing such information prior to trial as required for by 23-111(a)(1).

The difference in this instant case and Arnold, supra, Movant was not aware of, nor informed of the prosecution's intentions to file information seeking enhancement punishment as Arnold was.

The prosecution failed to comply with the structures of sec. 23-111(a)(1). As the Court of Appeals has repeatedly held, mandated strict compliance with the procedures set forth in sec. 23-111, See Lucas v U.S., 602 A2d 29,31(DC 1992) (quoting Boswell v U.S., 511 Azd 29,31(DC 1986) (other citations omitted). See also, Key v U.S., 587 A2d 1072(DC 1991). The D.C. Court of Appeals has reiterated that the purposes of the requirements set forth in sec. 23-111, are two-fold.

(1) To give the defendant notice so that he may make an informed decision whether to proceed with trial or plead guilty.

(2) To avoid the unfairness of increasing the potential punishment after trial has begun: Id. at 1073-74 (quoting Arnold, supra, 443 Azd at 1326).

In addition, as the D.C. Court of Appeals said in Lucas, supra: "In view of the potential harshness of the result of enhanced sentences, actual notice to the defendant of the prior convictions to be relied upon by the government is important"(602 A2d 111).

Movant asks this court to discount any opposition in response by the government as the Court of Appeals for D.C. did in Lucas: "We deem irrelevant the fact that a defendant may be aware that the government is aware of his or her prior convictions". The pre-trial knowledge by the defendant that is "critical" is, as the government states, whether the government intends to rely on the

defendant's prior convictions for purposes of sentencing enhancement under_____. Simply put, the government gave no notice at all prior to the commencement of the jury selection process in this case at bar.

Thus, is this court asked to remand this case for resentencing, vacating the enhancement because of the trial court improperly imposing the enhancement of thirty-five(35) to life mandatory minimum punishment when it knew the government failed to comply with D.C. code sec. 23-111 procedure mandate.

The United States Supreme Court granted the writ of certiorari to resolve the question whether there is an "actual innocence" exception for a person who has been misclassified as a career offender, habitual offender, or an armed career criminal. Actual innocence, in the context of a non-capital sentencing, means that but for the constitutional error, the convicted person would have been legally eligible for the sentence he received. There are other circuits that has ruled that there is an actual innoncence exception for mis-classification claims. See Spence v Superintendent, Great Meadow Correctional Facility, 219F3d162, 171C2d cir. 2000), U.S. v Maybeck, 23F3d888893(4th cir. 1994), Haley v Cockrell, 306F3d257(2002), as the court held in these decisions and prior precedents, actual innocence claims are not subject to procedural default and are not subject to time bar. Important unpublished cases include: U.S. v Fazekas, C.A. no.94-1542 (WDPA - 1994)(misclassification as a career offender, sentence reduced from thirty(30) years to ten(10) years, Hearns v U.S., C.A. 93-464(WDVA)(misclassificstion of methamphetamine sentence reduced from 180 months to 90 months). Also see, Olano v U.S., 507 U.S. 461, plain error standard, rule 52(b) and the harmless error standard, whereas, in this case at bar, there is plain error, "clear and obvious" for Movant to carry his burden of meeting Olano's four(4) prong test to establish plain error in the 23-111 proceedings mandates, in the government's total noncompliance and bad faith cover-up when Movant brought this issue for in exhaulting all of Movant's D.C. (state) remedies, and the error in this case affects the fairness, integrity, or public reputation of judicial proceedings. See U.S. v Gore, 154 F3d34(1998); U.S. v Martinez-Rios, 143 F3d662(1998).

The unauthorized implementation of the enhanced thirty-five(35) years to life sentence absent the mandatory duty of being in strict compliance by the government of section 23-111(a)(1) constitutes error, which was plain, which affected Movant's substantial rights has seriously affected the fairness, integrity, and public reputation of judicial proceedings if this court was to allow this sentence to stand.

The requested remedy to this court is to vacate the enhance sentence of thirty-five(35) years to life and remand this case to the Sentencing Court to re-sentence Movant absent any enhancement penalties. See also, Glover v U.S., 531 U.S. 198(2001), Robinson v U.S., 756 Azd 448 (DC 2000), U.S. v Short, 111 WLR81 (Super. Ct. 1983), Blakely v Washington, 542 U.S. ___ (2004).

                                              Respectfully submitted,

6-19-2006
DATE

                                     *Robert Harper*
ROBERT HARPER # 02564-000
P.O. BOX 2068
INEZ, KY 41224

Copy To:
U.S. Attorney Office
555 4th St. N.W.
Wash., D.C. 20001 this day 19 of June 2006.

June 19, 2006
AUTHORIZED BY THE ACT OF JULY 7, 1955, AS AMENDED, TO ADMINISTER OATHS 18 U.S.C. 4004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert Harper

~~UNITED STATES OF AMERICA,~~
RESPONDENT,

-VS-

UNITED STATES

~~ROBERT HARPER,~~ #02364-000
MOVANT/AFFIANT
USP- Big Sandy
PO B 2068
Inez, KY 41224

CASE NO.
~~(CRIM. CASE NO. F5656-85)~~

HABEAS CORPUS

06 1406
FILED
AUG - 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ROBERT HARPER'S AFFIDAVIT IN SUPPORT OF MOTION TO VACATE PURSUANT TO D.C. CODE SECTION 22-4135(a)(b)(1).

---

I, Robert Harper, #02364-000, am the Movant-Affiant, in the above entitled document and the attached motion and memorandum of law in support which Movant submits in compliance with D.C. code 22-4135(d)(1), which states, the Movant shall include an affidavit by the Movant under penalty of perjury, stating that Movant is "actually innocent" of the crime that is the subject of the motion (attached hereto) and that the contentions were not deliberately withheld by the Movant for purposes of strategic advantage.

Whereas, affidavit submit that he is actually innocent factually and legally by the government's failure to follow the mandate and compliances of D.C. code 23-111(a)(1), and that I was never notified by the government's attorney verbally or written documentation of its intents to enhance any sentence I received and not by defense counsel either, and I am innocent of the D.C. code sec. 22-104(a),- 23-111(a)(1) penalties as such.

_____
DATE

Robert Harper
ROBERT HARPER # 02364-000
MOVANT-AFFIANT, P.O. BOX 2068
INEZ, KY 41224

STATE OF KENTUCKY )
                  )ss
RECEIVED          )
COUNTY

JUL 19 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____, June 19, 2006
AUTHORIZED BY THE ACT OF
JULY 7, 1955, AS AMENDED,
TO ADMINISTER OATHS
18 U.S.C. 4004
MY COMMISSION EXPIRES

1