FILED
AUG - 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Civil Action No. 06 1406 |
| ) | |
| ROBERT HARPER, ) | |
| ) | |
| Defendant/Movant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court upon review of movant's application to proceed *in forma pauperis* and his *pro se* motion to vacate his conviction.

The movant is a federal inmate who seeks to challenge his conviction in the Superior Court of the District of Columbia. He alleges that he is actually innocent of crime and has filed in this Court a motion to vacate pursuant to 23 D.C. Code § 4135. That statute provides that "[a] person convicted of a criminal offense in the Superior Court ... may move the court to vacate the conviction or grant a new trial on grounds of actual innocence based on new evidence."

Federal courts do not have jurisdiction to hear habeas petitions by prisoners who had a Superior Court remedy available to them unless the petitioner can show that the remedy was inadequate or ineffective. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). A habeas remedy is "inadequate or ineffective" when it is "so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002)(quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)(emphasis in original).

Because the movant has an adequate habeas remedy in the District of Columbia courts, this Court lacks jurisdiction over the motion to habeas relief filed here. The case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: 7/28/06